UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
ex rel. Mindy Westlund, et al.,

    Plaintiffs,

v().                                          CASE NO.: 8:10-cv-2882-T-23TGW

LABORATORY CORP. OF AMERICA
HOLDINGS, et al.,

    Defendants.
_____/

## **ORDER**

As a *qui tam* relator, Mindy Westlund sues (Doc. 30) LabCorp for violating the federal and Florida false claims acts, and on her own behalf Westlund sues LabCorp for retaliating against Westlund's whistleblower investigation. LabCorp, a clinical laboratory, allegedly obtains referrals by falsely informing physicians that Blue Cross and Blue Shield of Florida will reimburse an insured for a LabCorp service. After Blue Cross and Blue Shield rejects an insured's LabCorp claim, Medicare or Medicaid sometimes pays the claim, which payment, according to Westlund, constitutes a "false claim" under the false claims acts.

Much is wrong with the complaint. The complaint fails to specify which alleged act violates which subsection of the federal False Claims Act, 31 U.S.C. § 3729(a). The elements that a plaintiff must allege under each subsection differ. *See*

*Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318 (11th Cir. 2009).  Although the complaint identifies bills LabCorp "wrote off," the complaint never identifies a false claim submitted to the government – an element of specificity under Rule 9(b) that *United States ex rel. Clausen v. Laboratory Corp. of America*, 290 F.3d 1301, 1311 (11th Cir. 2002), requires.  Westlund proposes that *United States ex rel. Walker v. R&F Properties of Lake Cnty., Inc.*, 433 F.3d 1349 (11th Cir. 2005), erodes the specific-claim requirement, but the Eleventh Circuit treats *Clausen* as prior panel precedent that governs over *Walker*.  *United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1302-03 & n.4 (11th Cir. 2010).  Although the pleading alleges that LabCorp intends a false statement to convince a doctor to refer a patient, the pleading fails sufficiently to allege that LabCorp intends a false statement to convince the government to pay for that patient's LabCorp service.  In other words, the complaint fails to "link the alleged false statements to the government's decision to pay false claims."  *Hopper*, 588 F.3d at 1330-31.  With legal authority or factual allegation, a third amended complaint must show (what the present complaint assumes) that LabCorp's lie and the government's payment for a valid service amounts to fraud actionable under the False Claims Act.

Moving to dismiss (Doc. 33), LabCorp provides other grounds for rejecting each count in the complaint that – with one exception – this order adopts and incorporates.  The exception is an argument that judicial estoppel bars the retaliation claim.  The retaliation claim shares operative facts with a civil-rights retaliation claim

that Westlund pursues against LabCorp in an action germinating in this district; so Westlund might improperly split her claims, *see Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684 (9th Cir. 2007); *Restatement (Second) of Judgments* § 24 cmt. c (1982), but judicial estoppel cannot apply because no substantive order has issued in the other action. Regardless, the motion to dismiss explains why the retaliation claim fails. The count under the Florida False Claims Act falls *pari passu* with the federal twin.

LabCorp urges dismissal with prejudice because the complaint is Westlund's third, and Westlund's repeated failure sufficiently to allege a claim indeed nearly validates LabCorp's opinion that "there is no realistic prospect" Westlund will ever succeed. The next complaint is Westlund's final opportunity.

LabCorp's motion (Doc. 33) to dismiss is **GRANTED**, and the complaint (Doc. 30) is **DISMISSED WITHOUT PREJUDICE**. Westlund may submit a third amended complaint by **January 18, 2012**.

ORDERED in Tampa, Florida, on December 29, 2011.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE